UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEFFREY THEN, and<br>ARIEL CRUZ,<br><br>Defendants. | **INDICTMENT**<br><br>26 Cr.<br><br>26cr433 |

**COUNT ONE**
**(Conspiracy to Commit Hobbs Act Robbery)**

The Grand Jury charges:

1. On or about July 30, 2026, in the Southern District of New York and elsewhere, JEFFREY THEN and ARIEL CRUZ, the defendants, and others known and unknown, knowingly combined, conspired, confederated, and agreed together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, THEN and CRUZ agreed together and with others to rob the proprietor of a jewelry store operating out of an apartment in the Bronx, New York that sold jewelry, handbags, and perfume.

(Title 18, United States Code, Section 1951.)

**COUNT TWO**
**(Hobbs Act Robbery)**

The Grand Jury further charges:

2. On or about July 30, 2026, in the Southern District of New York and elsewhere, JEFFREY THEN and ARIEL CRUZ, the defendants, knowingly committed robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby obstructed, delayed,

and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and aided and abetted the same, to wit, THEN and CRUZ robbed the proprietor of a jewelry store operating out of an apartment in the Bronx, New York that sold jewelry, handbags, and perfume.

(Title 18, United States Code, Sections 1951 and 2.)

**FORFEITURE ALLEGATIONS**

3. As a result of committing the offenses alleged in Counts One and Two of this Indictment, JEFFREY THEN and ARIEL CRUZ, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

**Substitute Assets Provision**

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 924 and 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

[redacted] 9/17/2026
FOREPERSON

JAMES M. MCDONALD
United States Attorney